**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GERALD G. SCOTT, | : | Case No. 2:23-cv-2790 |
| | : | |
| Petitioner, | : | |
| | : | Chief Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| WARDEN, MARION | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner proceeding without the assistance of counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). This matter is before the Court on the Petition and the Return of Writ, to which Petitioner has replied. (ECF Nos. 1, 9, 10).

For the reasons provided below, it is **RECOMMENED** that the Petition be **DENIED**.

**I.      PROCEDURAL HISTORY**

**State Trial Proceedings**

On December 10, 2020, the Delaware County, Ohio grand jury returned a four-count indictment charging Petitioner with one count each of trafficking in cocaine, possession of cocaine, trafficking in a fentanyl related compound, and possession of fentanyl. (ECF No. 8, Ex. 1). Petitioner initially entered a not-guilty plea. (ECF No. 8, Ex. 2).

On April 16, 2021, as part of a negotiated plea agreement, Petitioner withdrew his former not-guilty plea and entered a plea of guilty to the counts of possession of cocaine and fentanyl (counts two and four of the indictment). (ECF No. 8, Ex. 4). The remaining two counts of

trafficking (counts one and three) were dismissed. (ECF No. 8, Ex. 3, 4).

On April 19, 2021, Petitioner was sentenced to a total aggregate prison sentence of six to nine years. (ECF No. 8, Ex. 4). The sentencing court also imposed a mandatory fine of $10,000. (*Id.*).

## Direct Appeal

On September 1, 2021, Petitioner filed an untimely notice of appeal and motion for leave to file a delayed appeal. (ECF No. 8, Ex. 7, 8). The Ohio Court of Appeals granted the motion and appointed Petitioner counsel for the purpose of appeal. (ECF No. 8, Ex. 10, 11). Petitioner, through appointed counsel, raised the following single assignment of error in his appellate brief:

> Appellant was deprived of his federal and state constitutional rights to the effective assistance of counsel when appointed counsel failed to file an affidavit of indigency prior to sentencing to waive the mandatory fine.

(ECF No. 8, Ex. 12 at PageID 38). On August 10, 2022, the Ohio Court of Appeals overruled Petitioner's assignment of error and affirmed the judgment of the trial court. (ECF No. 8, Ex. 14).

## Delayed Appeal – Ohio Supreme Court

On February 16, 2023, Petitioner filed a *pro se* notice of appeal and a motion for leave to file a delayed appeal in the Ohio Supreme Court. (ECF No. 8, Ex. 15, 16). On April 11, 2023, the Ohio Supreme Court denied the delayed appeal motion and dismissed the appeal. (ECF No. 8, Ex. 17).

## Motions to Vacate Fines and Court Costs

Meanwhile, on September 21, 2021, Petitioner filed a *pro se* motion to vacate fines and

2

court costs, which was denied by the trial court. (ECF No. 8, Ex. 18, 19). Petitioner filed a second motion to vacate payment of fines and costs on September 24, 2021, which the trial court also denied. (ECF No. 8, Ex. 20, 21).

Petitioner did not appeal from the judgments of the trial court.

### Post-Conviction Petition

On July 29, 2022, Petitioner filed a *pro se* petition to vacate or set aside judgment of conviction or sentence, which the trial court denied on August 12, 2022. (ECF No. 8, Ex. 22, 26).

On August 26, 2022, in Case No. 22CAA080060, Petitioner filed a notice of appeal from the denial of his post-conviction petition. (ECF No. 8, Ex. 27). Petitioner also filed a motion for appointment of counsel. (ECF No. 8, Ex. 28). On October 24, 2022, the Ohio appeals court denied the motion for appointment of counsel. (ECF No. 8, Ex. 30). On November 29, 2022, the appeal was dismissed for want of prosecution based on Petitioner's failure to file an appellate brief. (ECF No. 8, Ex. 38 at PageID 178). Petitioner filed a motion to reconsider, which was denied as untimely on January 9, 2023. (ECF No. 8, Ex. 34, 35).

Petitioner did not seek further review in the Ohio Supreme Court.

### Motion to Reopen Direct Appeal

Meanwhile, on November 4, 2022, Petitioner filed a *pro se* application to reopen his direct appeal pursuant to Ohio App. 26(B). (ECF No. 8, Ex. 31). Petitioner filed the application in Case No. 22CAA080060, the appeal from the denial of his post-conviction petition. (*See* ECF No. 8, Ex. 38 at PageID 178). Petitioner argued his appellate counsel was ineffective for failing to raise the following two assignments of error on direct appeal:

1. Failure of due process on the unsign[ed] written plea agreement.

3

    2. Failure to file a motion to suppress, to challenge the search warrant.

(ECF No. 8, Ex. 31 at PageID 137, 140). On November 21, 2022, the Ohio Court of Appeals denied the motion, noting that Petitioner may have intended to file the motion in a different case number and that "an application to reopen is not applicable to the instant appeal." (ECF No. 8, Ex. 32).

### Federal Habeas Corpus

On July 17, 2023, Petitioner filed the subject federal habeas corpus petition in this Court. (ECF No. 1). Petitioner raises the following single ground for relief in the petition:

> **GROUND ONE**: Unconstitutional right to the effective assistance of counsel.
>
> Supporting Facts: Appointed counsel failed to file an affidavit of indigency prior to sentencing [to] request waiver of the mandatory fine. In support of my position I note[] that I was already serving a prison term of thirty months for another drug conviction when I was indicted in this case and that I had appointed counsel in the prior case. I also offer[] the fact that counsel is appointed for me in this case.

(ECF No. 1 at PageID 5).

Respondent has filed a return of writ in opposition to the petition (ECF No. 9), to which Petitioner has replied (ECF No. 10).[1] According to Respondent, Petitioner's ground for relief is procedurally defaulted and without merit.

### II.    THE PETITION MUST BE DENIED.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the

---

[1] Petitioner has also filed an "Objection to Federal Subject Matter and Personal Jurisdiction of a 28 U.S.C. 2254 Action" (Doc. 11), which does not alter the undersigned's recommendation that the petition be denied. *See* 28 U.S.C. § 2241(d).

state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). In order to satisfy the fair presentation requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)). Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court

5

>pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

>First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from the procedural default or that failure to consider

6

the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, Petitioner procedurally defaulted his ground for relief by failing to fairly present the claim to the Ohio Supreme Court. Petitioner raised his ground for relief concerning trial counsel's alleged failure to file an affidavit of indigency prior to sentencing as an assignment of error on direct appeal to the Ohio Court of Appeals. (*See* ECF No. 8, Ex. 12). However, Petitioner committed a procedural default by failing to pursue a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' August 10, 2022 decision affirming the judgment of the trial court. (*See* ECF No. 8, Ex. 14). Although Petitioner later attempted to obtain a delayed appeal with the Ohio Supreme Court, the state's highest court denied Petitioner leave to pursue such an appeal. (*See* ECF No. 8, Ex. 17).

The Sixth Circuit has held that the Ohio Supreme Court's unexplained entry denying a motion for leave to file a delayed appeal constitutes an adequate and independent state procedural ruling sufficient to bar review of a federal habeas corpus petition. *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw,* 495 F. App'x 560, 565 (6th Cir. 2012) (citing *Bonilla* in pointing out that "[t]his court has held that violation of . . . the timeliness requirements for an appeal to the Ohio Supreme Court . . . constitute[s] adequate and independent state grounds to preclude hearing an untimely claim on the merits"). Here, as in *Bonilla* and *Baker*, because Petitioner failed to pursue a timely appeal to the Ohio Supreme Court and the Ohio Supreme Court denied Petitioner leave to file a delayed

7

appeal, the state's highest court never had the opportunity to consider the merits of the claims alleged in the Petition.

Therefore, because Petitioner failed to provide the state's highest court with an opportunity to correct the alleged violations of his constitutional rights, he procedurally defaulted and has waived the ground for relief absent a showing of cause and prejudice for the default in the state courts, or that a fundamental miscarriage of justice will occur if the claim is not considered herein. *See, e.g., Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray,* 477 U.S. at 488). "Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing that a factual or legal basis for a claim was not previously available." *Wilson v. Hurley,* 382 F. App'x 471, 478 (6th Cir. 2010) (citing *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991)).

Petitioner has not demonstrated cause to excuse the procedural default. In support of his delayed appeal motion to the Ohio Supreme Court, Petitioner argued that he was unable to file a timely appeal due to the library being closed from October 21, 2022, through November 24, 2022.[2] (*See* ECF No. 8, Ex. 16 at PageID 76). However, Petitioner's appeal to the Ohio Supreme Court was due on September 24, 2022, forty-five days after the Ohio Court of Appeals' August 10, 2022 judgment entry and prior to the alleged library closure. *See* Ohio Sup. Ct. Prac.

---

[2] The undersigned notes that petitioner pursued an application to reopen his appeal, filed on November 4, 2022, during this time period. (*See* Doc. 8, Ex. 31).

8

R. 7.01(A)(1)(a)(1).  In any event, Petitioner's *pro se* status and limited access to a prison's law library is insufficient to establish cause.  *See Bonilla*, 370 F.3d at 497.  Petitioner has not specified what further research was needed to present his claim to the Ohio Supreme Court, which was fully briefed by counsel in his direct appeal to the Ohio Court of Appeals.  *See, e.g.*, *Doliboa v. Warden*, 503 F. App'x 358, 360 (6th Cir. 2012) (noting that the petitioner failed to explain how the lack of access to legal materials prevented him from advancing "the very arguments that his former counsel articulated—and supported with case law—in [petitioner's] intermediate appeal to the Ohio Court of Appeals" in finding that petitioner failed to establish cause).  *See also Ervin v. Jarvis*, No. 16-4239, 2017 WL 5178932, at *3 (6th Cir. May 31, 2017) ("With respect to a law library . . . [t]he inmate must show that the inadequacy of the prison's legal resources made it impossible for him to access the courts to raise his claims.") (internal quotation marks and citations omitted).  Accordingly, Petitioner has not demonstrated cause to overcome the default of his claims.

Nor has Petitioner demonstrated that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice," or in other words, that the alleged error "probably resulted in the conviction of one who is actually innocent."  *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).  Actual innocence in this context requires a showing of factual innocence, not mere legal insufficiency.  *See House v. Bell,* 547 U.S. 518, 538 (2006); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)); *see also Vanwinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011).  Further, the Supreme Court has stated that "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district

9

court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup,* 513 U.S. 298, 329 (1995)); *see also House*, 547 U.S. at 538 (pointing out that the *Schlup* actual-innocence standard is "demanding and permits review only in the extraordinary case") (internal citation and quotation marks omitted). To establish a credible gateway claim of actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008). No such showing has been made in this case.

For the foregoing reasons, Petitioner has procedurally defaulted and waived his ground for relief. Because Petitioner has neither demonstrated cause for the default of his claims or that failure to consider the defaulted claims will result in a fundamental miscarriage of justice, the Petition must be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (ECF No. 1), be **DENIED WITH PREJUDICE**.

2. A certificate of appealability not issue with respect to the claims alleged in the Petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v.*

*McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[3]

    3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis,* the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

---

[3] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

11

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                        */s/ Chelsey M. Vascura*
                                        CHELSEY M. VASCURA
                                        UNITED STATES MAGISTRATE JUDGE